UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK SPEARS (#263555)

                Plaintiff,         Case No.: 11-cv-15542

     v.                            Honorable Paul D. Borman
                                      Magistrate Judge David R. Grand

JENNY ENGSTROM, *et al.*

                Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [12] AND TO DENY AS MOOT PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT [13]

**I.     RECOMMENDATION**

These motions are before the court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court RECOMMENDS that defendants' motion to dismiss or, in the alterative, for summary judgment [12] be GRANTED and plaintiff's motion to amend his complaint [13] be DENIED as moot.

**II.    REPORT**

    **A.     Background**

Plaintiff Roderick Spears is currently incarcerated at the Marquette Branch Prison, but was an inmate at the G. Robert Cotton Correctional Facility at all times relevant to this case. In a verified complaint, Spears brings this action under 42 U.S.C. § 1983 against three correctional officers of his former facility, Jennifer Engstrom, Richard Cady and Kelly Holden-Selby, alleging violations of his Eighth Amendment Right to be free from cruel and unusual punishment.

Spears alleges than in July 2011 he collapsed in the cafeteria of the prison and was subsequently diagnosed with sciatica. The medical unit issued him housing restrictions that were to last for one month, including requiring him to have a bottom bunk in a ground floor room with "no stairs/minimal stairs." (Doc. #12, Def. Mot. Exh. C at 6). He was also required to have a quad cane and was not permitted to work at heights. (*Id.*). Spears was transferred to a "lower-level tier, bottom bunk" which move "also reduced the number of steps [Spears] had to traverse from eleven to six, with six being the minimal amount of steps per housing unit." (Def. Mot. Exh. C, Holden-Selby Aff., ¶ 6).

Spears alleges that when he approached defendant Holden-Selby about being moved to a disability unit, she asked whether he had special medical orders for such a transfer, and when he presented her with his orders, she allegedly stated that walking up and down six stairs would help strengthen Spears's back problems, so there was no need to move him to a disability unit. Spears alleges that on a follow-up with the medical unit, he was asked by the doctor why he had not yet been transferred to a disability unit. On August 5, 2011, Spears's back allegedly gave out while walking down the stairs and he fell, causing him additional back pain, spinal numbness and leg muscle issues. On September 1, 2011, the medical unit issued Spears a heightened housing restriction, limiting him to "no stairs" for the period of one month. (Def. Mot. Exh. C at 8). At that time, Spears was transferred to a housing unit with a ramp. (Holden-Selby Aff., ¶ 9).

In his complaint, Spears does not make any specific factual allegations against defendants Engstrom or Cady, but in defendants' motion to dismiss, it is clarified that Cady rejected Spears's Step I grievance and Engstrom approved that rejection. (*See* Def. Mot. Exh. A, B). Spears essentially claims that the defendants improperly "enact[ed] their own rules & regulations that usurp[ed] MDOC/BHCS rules, policies, and procedures" regarding accommodation of his

2

medically-based housing needs by not placing him in a no-stair unit in response to his initial "no stair/minimal stairs" restriction. (Compl., at 5-6).

Defendants move to dismiss or, in the alternative, for summary judgment on several grounds. First, they argue that Spears failed to allege in what capacity he was suing defendants, and thus it could be presumed he was suing them in their official capacity, in which case they were immune from suit under the Eleventh Amendment. Second, defendants Cady and Engstrom argue that the claims against them should be dismissed because their only actions were to reject Spears's grievances challenging the conduct of another in a situation in which they were not personally involved. Third, defendants argue that Spears failed to show that they acted with deliberate indifference to a serious medical need as is required to state a claim under the Eighth Amendment. Finally, defendants argue that they acted reasonably under the circumstances and thus are entitled to qualified immunity.

In response, Spears filed a motion to amend his complaint to include allegations against all defendants in both their individual and official capacities.[1] (Doc. #13, Pl. Resp.). He also argued that their motion should be denied because he had not yet been afforded an opportunity for discovery. He argues that they should be required to first respond to his amended complaint before filing such a motion and that his complaint sufficiently stated facts that show defendant Holden-Selby purposefully and intentionally demonstrated deliberate indifference when she

---

[1] In his amended complaint, (which appears to be paragraphs he seeks to have added to his original complaint, not an entirely new complaint), Spears alleges that defendants Cady and Engstrom acted in their official and individual capacities when participating in a conspiracy to deprive him of his constitutional rights. However, as in his original complaint, other than alleging that that they acted outside their authority, Spears makes no factual allegations against either Cady or Engstrom as to any specific actions they took that were wrongful. Since defendants acknowledge the role of Cady and Engstrom in the events underlying the complaint, the court will, in accordance with its duty to grant leniency to the pleadings of *pro se* litigants, interpret Spears's complaint as alleging that Engstrom and Cady were involved through their actions as grievance responders.

3

refused to accommodate his initial medical restriction.² He does not appear to dispute the fact that he was moved from an eleven-stair cell to a six-stair cell.

### B. Analysis

A motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94

---

² Spears also argues that defendant Holden-Selby exhibited deliberate indifference by allegedly denying him the right to grieve the issue. (Doc. #13, Pl. Resp. at 4). However, there are no specific allegations involving any denial of grievance rights in Spears's original or amended complaint, and Defendants provided the court with a copy of Spears's completed grievance form regarding these matters. (Def. Mot. Exh. A, at 5-6). Thus, Spears was not prevented from grieving the issue, and his vague references to First Amendment rights do not sufficiently state a cognizable claim. *Iqbal*, 129 S.Ct. at 1949.

(2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 129 S.Ct. at 1949. *See also*, *Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1949.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In evaluating a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The

moving party bears the initial burden of demonstrating that no dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party satisfies this burden, the non-moving party must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Where, as here, the plaintiff has filed a verified complaint, that carries the same weight as an affidavit for purposes of a motion for summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). *See also*, *Williams v. Browman*, 918 F.2d 901, 905 (6th Cir. 1992) (concluding that prisoner complaint signed with statement declaring truth of allegations under penalty of perjury sufficient for summary judgment purposes). The court must ultimately determine whether the evidence presented constitutes a sufficient factual disagreement such that the case could not be determined as a matter of law. *Anderson*, 477 U.S. at 251-52.

Federal Rule of Civil Procedure 15 permits the amendment of a complaint as a matter of course at certain junctures, including within 21 days after service of a motion under Rule 12(b).

### 1. *Resolving Motion Before Discovery*

Spears argues that defendants' motion should not be considered at this point as he has not had an opportunity for discovery. As will be discussed further below, the court resolves part of Defendants' motion as a motion to dismiss and another part as a motion for summary judgment. With regards to the portions of this motion that are decided at the motion to dismiss stage (Eleventh Amendment immunity and the claims against defendants Cady and Engstrom), the court notes that at this stage there is no right to discovery, as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint itself. With regard to the claims against defendant Holden-Selby, the court notes that "in the qualified immunity context, only after the court inquires into whether any facts material to Plaintiff's claims are genuinely at issue,

and only upon a finding that material facts are in fact in dispute is a court at liberty to hold a motion for summary judgment in abeyance pending additional discovery." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). As discussed below, the court finds that there are no genuine issues of material fact in dispute, and thus there is no need to permit discovery prior to resolving defendants' motion. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

                2.    *Spears's Motion to Amend*

Spears's response to defendants' motion also includes a motion to amend his complaint. As noted above, his amendments center on clarifying that he is suing all defendants in both their official and individual capacities. However, Spears does not require leave of the court to amend his pleading at this stage, as his amendment was signed within 21 days of being served with defendants' motion to dismiss. *See* Fed. R. Civ. P. 15. Therefore his motion should be denied as moot and his amendments incorporated.

Spears argues that defendants should be required to respond to his amended complaint prior to resolving the instant motion to dismiss. While generally an amended complaint would render moot a pending motion to dismiss premised upon an earlier version of the complaint, here, where the only substantive amendment is to clarify that Spears is suing defendants in both their official and individual capacities, and where defendants have, in their motion to dismiss, responded as if they were being sued in both capacities, the court finds no need to require defendants to submit another motion to dismiss. And, as further outlined below, even absent incorporation of Spears's amendments, the court interprets his original complaint as suing defendants in both capacities.

7

### *3.*     *Eleventh Amendment Immunity*

It is well established that claims against prison officials in their official capacity are barred by the Eleventh Amendment because they are deemed to be against the state itself, and Michigan has not waived its immunity to suit. *See e.g. Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994). Thus, to the extent Spears seeks to sue defendants in their official capacities, his claims must be dismissed. Defendants argue that this is the only capacity in which they can be sued because Spears failed to state in his original complaint that he was specifically suing them in their individual capacities and thus they were not on notice of the same. The court disagrees.

First, as stated above, Spears has amended his complaint to specifically include both capacities, and he did so within the time period allowed for amendment as a matter of course. Although these amendments occurred after defendants filed their motion to dismiss, the court finds that even Spears's original complaint has sufficiently placed defendants on notice that they were being sued in their individual, as well as their official, capacities. The Sixth Circuit in *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001), held that, in analyzing whether the individual defendants received adequate notice that they were being sued by a plaintiff in their individual capacities, a court should apply a "course of proceedings" test. As the Moore court explained:

> The "course of proceedings" test considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability.

*Id.* at 772 n.1. "The test also considers whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued." *Id.*

Here, while Spears's original complaint does not specifically state in what capacity he is

suing defendants, defendants were put on sufficient notice that they are being sued, at least in part, in their individual capacity. First, Spears states in one portion of his complaint that defendants "exceeded" correctional department procedures and in another he states that they had no right to "enact their own rules and regulations" that would usurp correctional department regulations. (*See* Cplt. at 5-6). Such allegations infer that Spears alleges defendants were acting outside of the scope of their employment. *See e.g. Krusinski v. U.S. Dept. of Agric.*, No. 92-4026, 1993 U.S. App. LEXIS 23430, *9, 1993 WL 346858 (6th Cir. Sept. 10, 1993) (plaintiff's complaint naming defendants individually for actions exceeding the official scope of their duties sufficient to allege suit in individual capacity). In addition, Spears seeks both compensatory and punitive damages against each defendant individually. Third, defendants' motion to dismiss raises a defense of qualified immunity. Finally, Spears's response to the motion to dismiss, which includes a motion to amend his complaint, demonstrates that he intended to sue defendants in both their official and individual capacities. Thus, based on the *Moore* court's "course of proceedings" test, the court finds that despite Spears's failure in his initial complaint to clearly articulate the capacity in which he is suing defendants, defendants were sufficiently on notice that they were being sued in their individual capacities and have not been prejudiced by Spears's lack of clarity. Hence, the court addresses defendants' other arguments for dismissal.

    *4.     Personal Involvement*

Defendants Cady and Engstrom argue that Spears's claims against them must be dismissed because he fails to make a clear showing that they were personally involved in the activity that forms the basis for his complaint – placing him in a cell unit that allegedly did not properly accommodate his initial medical restrictions.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove that "(1) a person, (2)

9

acting under the color of state law, (3) deprived [him] of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Prisoners have the right to be free of cruel and unusual punishment at the hands of prison officials under the Eighth Amendment, which includes a right to be free from deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, liability under 28 U.S.C. § 1983 must be based on more than "respondeat superior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officer[ ].'" *Id.* (*quoting Hays v. Jefferson County, Ky.*, 668 F.2d 8569, 874 (6th Cir. 1982)).

As stated above, Spears's complaint, even as amended, does not allege any involvement by Cady or Engstrom in the underlying conduct, personal or otherwise. Even broadly interpreting Spears's complaint as alleging that Cady and Engstrom were involved based on their denial of his grievance, his claims against them must fail.

"The denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). Even liberally interpreted, Spears's complaint at best alleges that Engstrom and Cady "acted in concert directly and indirectly" with defendant Holden-Selby in exhibiting deliberate indifference to Spears's serious medical needs. It is no more specific than that. Because Spears does not articulate in any way how these two defendants were personally involved in this conduct, and because the only evidence of record shows that they denied his administrative grievances on the subject, Spears has not asserted a claim upon which relief can be granted against defendants Cady and Engstrom. They should be therefore be dismissed from the action.

10

       5.     *Deliberate Indifference*

As stated above, prisoners have a right to be free from deliberate indifference to a serious medical need. *Estelle* 429 U.S. at 104-105. A deliberate indifference claim has both an objective and a subjective component. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). The objective component requires that a plaintiff show that "the medical need at issue is sufficiently serious," while the subjective component requires a showing that "prison officials have a sufficiently culpable state of mind in denying medical care." *Id.* at 895-96 (internal quotations and citations omitted). Deliberate indifference may be "manifested by prison doctors in their response to a prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104. However, merely negligent acts do not amount to deliberate indifference. *Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994).

Here, defendants concede that Spears's sciatica was a serious medical need. However, they disagree that defendant Holden-Selby had the requisite culpable mental state in initially denying Spears a completely stairless cell. First, defendants correctly note that Spears's medical orders did not require him to be in a completely stairless cell – only a ground floor cell with "no stairs/***minimal stairs***." (Def. Mot. Exh. C at 6; Def. Mot. Exh. C Attach. 1) (emphasis added). Holden-Selby avers that Spears was in fact moved in response to his medical orders, from an eleven stair cell to a six stair cell, with six stairs being the fewest number of stairs in that housing unit. (Holden-Selby Affd. ¶ 6). Spears does not deny this. Instead he argues that he should have been placed in a disability unit, which presumably had no stairs. However, as defendants point out, this was not the specific medical order in place at the time. They also point to the fact that Spears was later given a revised, heightened medical order requiring him to have a "ground floor

11

room – **no stairs** – temporary." (Def. Mot. Exh. C Attach. 2) (emphasis added). At that time he was moved to another housing unit with a ramp. (Holden-Selby Affd. ¶ 9).

On these facts, Spears's claims of deliberate indifference are no more than a difference of opinion between himself and prison staff as to what constitutes "minimal stairs." Differences of opinion or disagreements between a prisoner and prison medical staff over the kinds of treatment and housing a prisoner needs are not sufficient to rise to the level of deliberate indifference. *See Umbarger v. Corr. Med. Servs.*, 93 Fed. Appx. 734, 736 (6th Cir. 2004). While Holden-Selby is not technically "medical staff," this court finds the situation analogous. From his complaint, it appears Spears believes that the term "minimal stairs" means no stairs. However, as defendants point out, if the medical staff had meant for Spears to be free of **all** stairs, they could have so indicated, as they did on his second set of medical orders. Thus, the underlying incident essentially revolves around a disagreement as to the definition of a "minimal" number of stairs. Such disagreements do not rise to the level of deliberate indifference. (*Id.*).

In addition, it is undisputed that when faced with Spears's original medical orders, Holden-Selby made an effort to accommodate those orders by moving Spears to a ground floor cell with the fewest number of stairs available in his housing unit, fewer than the number of stairs of his previous cell. This is bolstered by the fact that, when faced with a subsequent order that he be in a cell with no stairs, he was moved to a different housing unit with a ramp. These acts further demonstrate that Holden-Selby's conduct did not rise to the level of deliberate indifference to Spears's serious medical need as a matter of law.[3] Therefore, summary judgment

---

[3] Spears also asserts, in his verified complaint, that Holden-Selby told him that walking up and down six stairs would help strengthen his back problem and thus there was no need for him to be moved to a disability unit. (Cplt. at 5). Holden-Selby avers that she did not make this statement. (Holden-Selby affd. ¶ 10). Even assuming that she did, the court does not find that this statement raises a genuine factual issue as to her subjective intent in denying Spears adequate

should be granted in her favor.

### 6. *Qualified Immunity*

The doctrine of qualified immunity "shields 'government officials performing discretionary functions . . . from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 172 (6th Cir. 2004), *quoting Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006) (citing *Barrett v. Steubenville City Schools*, 388 F.3d 967, 970 (6th Cir.2004)). Courts generally apply a two-part inquiry to determine whether a defendant is entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds*, *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In the first prong, the court determines whether "the facts alleged show the officer's conduct violated a constitutional right". *Id.* at 201. Under the second prong, the court considers "whether the right was clearly established." *Id.* The court has discretion as to the order in which the two prongs are considered. *Pearson*, 555 U.S. at 236.

Because the court finds that Holden-Selby, as a matter of law, did not violate Spears's constitutional rights, she is entitled to qualified immunity. *See Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009) ("If no constitutional right would have been violated were the

---

accommodations. As stated above, this statement was not accompanied by an outright refusal to accommodate Spears's medical orders. Instead, Holden-Selby followed the orders, moving Spears to a cell with fewer stairs than his previous cell, one with the fewest stairs in the unit. It is also undisputed that the rest of his medical orders were accommodated. Thus, the court finds that this statement, particularly taken in conjunction with the other undisputed facts, does not create a genuine issue of fact regarding whether Holden-Selby acted with the requisite state of mind to support Spears's deliberate indifference claim.

allegations established, there is no necessity for further inquiries concerning qualified immunity.").

### C. Conclusion

For the foregoing reasons, the court **RECOMMENDS** that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment [12] be **GRANTED** and Plaintiff's Motion to Amend his Complaint [13] be **DENIED AS MOOT**.

Dated: May 25, 2012             s/David R. Grand
Ann Arbor, Michigan           DAVID R. GRAND
                                             United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be

concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 25, 2012.

> s/William Barkholz for Felicia M. Moses
> FELICIA M. MOSES
> Case Manager