UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK SPEARS (#263555)

        Plaintiff,

v.

JENNY ENGSTROM, RICHARD
CADY, and KELLY HOLDEN-SELBY,

        Defendants.
_____/

Case No. 11-cv-15542

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MAY 25, 2012 REPORT AND RECOMMENDATION (DKT. NO. 17);
(2) ADOPTING THE REPORT AND RECOMMENDATION (DKT. NO. 16);
(3) GRANTING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT (DKT. NO. 12); and
(4) DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AS MOOT (DKT. NO. 13)

This matter is before the Court on Plaintiff's Objections to Magistrate Judge David R. Grand's May 25, 2012 Report and Recommendation. (Dkt. No. 17, Objections.) Having considered *de novo* those portions of the Report and Recommendation to which timely objections have been filed, the Court DENIES the Objections, ADOPTS the Report and Recommendation, GRANTS Defendants' Motion to Dismiss or in the Alternative for Summary Judgment and DENIES AS MOOT Plaintiff's Motion to Amend his Complaint.

I.    **BACKGROUND**

The pertinent background facts of this matter are accurately and adequately set forth in the

1

Magistrate Judge's Report and Recommendation and the Court adopts them here. (Dkt. No. 16, Report and Recommendation, 1-3.) In summary, Plaintiff, who is currently incarcerated at the Marquette Branch Prison but was an inmate at the G. Robert Correctional Facility at all times relevant to this action, brings this 42 U.S.C. § 1983 action against the Defendants Jennifer Engstrom, Richard Cady and Kelly Holden-Selby, alleging violations of his rights to due process and to be free from cruel and unusual punishment. In essence, he complains that Defendant Holden-Selby improperly reassigned him from a housing unit with eleven stairs to a housing unit with six stairs, in response to a Medical Detail Order requiring that he be placed in a unit with "minimal/no stairs" to accommodate his sciatica. He complains that Defendants Cady and Engstrom, who denied his grievance about the housing unit placement, denied him due process by failing to follow Michigan Department of Corrections Policy Directives.

## II.     STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. "A party who receives [the Magistrate Judge's notice requiring objections to be filed within a specified time] yet fails timely to object is deemed to waive review of the district court's adoption of the magistrate judge's recommendations." *Spencer v. Bouchard*, 449 F.3d 721, 724 (6th Cir. 2006). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute.

*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### III. ANALYSIS

While Plaintiff's Objections do not clearly identify the errors that he claims the Magistrate Judge committed in his Report and Recommendation, it appears that Plaintiff objects to the Magistrate Judge Grand's conclusions: (1) that Defendants Cady and Engstrom are not alleged to have personally been involved in any of the allegedly unconstitutional conduct and therefore cannot be held liable under 42 U.S.C. § 1983; and (2) that there is no genuine issue of material fact suggesting that Defendant Holden-Selby was deliberately indifferent to Plaintiff's medical needs. Plaintiff also appears to object that the Magistrate Judge did not specifically address Plaintiff's "due

process" claim.

### Defendants Cady and Engstrom

Plaintiff concedes in his Objections that his claim against Defendants Cady and Engstrom, each of whom was involved only in reviewing and denying Plaintiff's grievance regarding his housing placement, "may not rise to the level of a traditional "deliberate indifference" claim." (Dkt. No. 17, 3.) Plaintiff insists, however, that the Magistrate Judge did not "identify" the "due process rights violation" committed by Defendants Cady and Engstrom. (Dkt. No. 17, 4.) Plaintiff alleges that "Cady's conduct clearly denied Plaintiff his Due Process rights guaranteed pursuant to MDOC policies, and Directives, which created a "Liberty Interest" in respect to same" and that "Engstrom[,] as Cady[,] failed to afford Plaintiff his Due Process Rights under the MDOC's Policy Directives, and Operating Procedures." *Id.* 3, 4. While Plaintiff does not identify in his Objections the specific Policy Directives he claims Defendants violated, he cites several in his Complaint that govern employee compliance with Policy Directives and employee job performance. (Dkt. No. 1, Compl. III Statement of Claims.)

While the Magistrate Judge did not directly discuss this alleged "due process violation," it is well-established that the MDOC Policy Directives do not create protectable liberty interests and that an MDOC employee's failure to follow a Policy Directive does not, in and of itself, rise to the level of a constitutional violation. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (holding that "[f]ailing to follow proper procedures is insufficient to establish an infringement of a liberty interest") (citing *Olim v. Wakinekona,* 461 U.S. 238, 250 (1983)). "[D]ue process does not require that [officials] follow established procedure." *Id.* at 575 (citing *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994)). *See also Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992) (holding that

4

an officer's violation of police department policies did not, in and of itself, constitute a violation of § 1983); *Laney v. Farley*, 501 F.3d 577, 580 n. 2 (6th Cir. 2007) ("a § 1983 claim may not be based upon a violation of state procedure that does not violate federal law"); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (holding that "the defendant's alleged failure to comply with a prison policy directive . . . does not rise to the level of a constitutional violation because the policy directive simply does not create a protectible liberty interest") (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463 (1989) and *Hewitt v. Helms*, 459 U.S. 460, 474 (1983)); *Murphy v. Rozen*, No. 12-cv-13, 2012 WL 1150809, at *2 (W.D. Mich. April 5, 2012) ("An alleged failure to comply with an administrative rule or prison policy does not itself give rise to a § 1983 claim, however.") (citing *McVeigh, supra*); *Cantanzaro v. Caruso*, No. 08-15126, 2008 WL 5381876, at *2 (E.D. Mich. Dec. 22, 2008) ("the failure to follow policy directive does not rise to the level of a constitutional violation because policy directives do not create protected interests") (citing *McVeigh, supra*). Plaintiff's allegations that Defendants Cady and Engstrom violated certain MDOC Policy Directives, standing alone, does not state a viable due process claim.

Additionally, as the Magistrate Judge correctly concluded, "[t]he denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983." *Grinter*, 532 F.3d at 576. Plaintiff does not allege that either Cady or Engstrom was personally involved in the underlying conduct that he claims violated his constitutional rights, i.e. the failure to place him in a "no stair" housing unit when his medical directive called for "no stair/minimal stair" housing. He alleges only that they failed to correct the alleged violation when they denied his grievance. The Magistrate Judge correctly concluded that these allegations fail to state a claim against Cady and Engstrom as a matter of law and that Defendants Cady and Engstrom

therefore are entitled to dismissal from the action.

### Defendant Holden-Selby

Plaintiff objects to the Magistrate Judge's conclusion that there is no genuine issue of material fact as to Defendant Holden-Selby's alleged deliberate indifference to Plaintiff's medical needs. Factual disputes will preclude the entry of summary judgment only if the disputes "(a) are *genuine* and (b) concern *material* facts." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009) (emphasis in original).

A deliberate indifference claim has both an objective component (plaintiff had a serious medical need) and a subjective component (defendant possessed a culpable state of mind in denying medical treatment of that serious medical need). *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Defendants concede for purposes of their motion for summary judgment that Plaintiff's sciatica constitutes a serious medical need. They dispute, however, that Plaintiff has created a genuine issue of material fact concerning Holden-Selby's culpable mental state in initially denying Plaintiff a cell with no stairs. The Magistrate Judge agreed and concluded, relying on *Umbarger v. Corr. Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004) (holding that prisoner's allegations of negligence and his disagreement with the medical treatment that he received during his incarceration were insufficient to state an Eighth Amendment claim), that even though Holden-Selby was not medical staff, the debate about whether "minimal" meant "none" or reasonably could have meant "six," was tantamount to a disagreement over medical care, and therefore was not sufficient as a matter of law to rise to the level of deliberate indifference. The Court agrees with the Magistrate Judge's reasoning and conclusion.

Plaintiff does not dispute that there were two separate Medical Detail Orders relating to his

6

housing placement due to his sciatica; one issued on July 30, 2011, ordering bottom bunk, ground floor room, no stairs/minimal stairs, cane and quad equipment and no heights on work assignment; and a second issued on September 1, 2011, ordering bottom bunk, ground floor room, no stairs - temporary, cane and quad equipment. (Dkt. No. 12, Defs.' Mot. Summ. Judg. Ex. C, Affidavit of Kelly Holden-Selby, February 23, 2012, Exs. 1, 2.)

Plaintiff does not dispute that these are the relevant Medical Detail Orders. He disagrees only with Holden-Selby's interpretation of the July 30, 2011, restriction of no stairs/minimal stairs as permitting Plaintiff's placement in a housing unit with six stairs, the least number of stairs in a housing unit and a decrease from the eleven-stair unit in which Plaintiff had previously been placed. But there is no dispute that the second Medical Detail Order differed from the first in that it was more restrictive, i.e. ordering "no stairs - temporary," substantiating the fact that "minimal" did not in fact mean "no." There is no dispute that Defendant Holden-Selby was accommodating a "minimal" stair requirement in moving Plaintiff from an eleven-stair unit to a ground floor unit with six stairs, six being the fewest number of stairs per housing unit. There is further no dispute that when Plaintiff was issued the second Medical Detail Order on September 1, 2011, he was transferred, as required in the Order, to a "no-stair" unit on a temporary basis. (Defs. Mot. Summ. Judg. Ex. C, Holden-Selby Aff. ¶¶ 5-9.)

The Court agrees with the Magistrate Judge that this difference of opinion as to the proper interpretation of the "minimal stair" order does not sufficiently allege a deliberate indifference claim. *See Umbarger, supra; Winburn v. Davis*, No. 08-14996, 2009 WL 3004555, at *3 (E.D. Mich. Sept. 16, 2009) ("Plaintiff's belief that Defendants should have chosen a different course of treatment with respect to his housing assignment amounts to a mere difference of opinion. Mere differences of

opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim."). The Court agrees with the Magistrate Judge' conclusion that Holden-Selby's conduct did not rise to the level of deliberate indifference to Plaintiff's medical need.

**Qualified Immunity**

Although Magistrate Judge Grand correctly concluded that the finding of no constitutional deprivation negates the necessity of addressing further the issue of qualified immunity, this Court concludes that, assuming *arguendo* a constitutional violation could be made out based on Plaintiff's allegations, Defendant Holden-Selby would be entitled to qualified immunity. "Qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments,' and protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender*, __U.S.__, 132 S.Ct. 1235, 1245-46 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. __, __, 131 S.Ct. 2074, 2085 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). If officials of "reasonable competence" could disagree on the legality of the challenged conduct, the official is entitled to qualified immunity. *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007).

In the instant case, a reasonable official in Holden-Selby's position could interpret "minimal" stairs to mean "six," particularly in the context of a housing situation where six is the least number of stairs in any housing unit, apart from those units with "no stairs." It is clear from the second Medical Detail Order that an instruction that a prisoner be housed in a unit with "no stairs" is different, in the context of Plaintiff's then-possible housing options, from an Order permitting the prisoner to be housed in a unit with "minimal" stairs. Holden-Selby's conduct in reassigning Plaintiff from a unit with eleven stairs to a housing unit with six stairs, and otherwise meeting all of the requirements of the Medical Detail Order as written, was objectively reasonable and she would

be entitled to qualified immunity even assuming that Plaintiff had stated facts sufficiently alleging a deliberate indifference claim.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Objections to the Report and Recommendation (Dkt. No. 17), ADOPTS the Report and Recommendation (Dkt. No. 16), GRANTS Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Dkt. No. 12) and DENIES Plaintiff's Motion to Amend as Moot (Dkt. No. 13).

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 7-20-12