UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK SPEARS (#263555)

        Plaintiff,

v.

JENNY ENGSTROM, RICHARD
CADY, and KELLY HOLDEN-SELBY,

        Defendants.
_____/

Case No. 11-cv-15542

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 20)

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 20) of this Court's July 20, 2012 Opinion and Order Denying Plaintiff's Objections to the Magistrate Judge's May 25, 2012 Report and Recommendation, Adopting the Report and Recommendation, Granting Defendants' Motion to Dismiss or in the Alternative for Summary Judgment and Denying Plaintiff's Motion to Amend as Moot (ECF No. 18). For the reasons that follow, the Court DENIES the motion for reconsideration.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must

1

not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

Plaintiff's motion for reconsideration essentially restates arguments that have already been considered by the Court and states Plaintiff's general disagreement with the result reached by this Court in its July 20, 2012 Opinion and Order. Plaintiff asks the Court to reconsider its ruling on his deliberate indifference claim but cites no "palpable defect" by which the Court and the parties have been misled, the correction of which will result in a different disposition of the case.

Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

                                                          Paul D. Borman
                                                          United States District Judge

Dated: 3-27-13